UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VINCENT W. JACKSON, JR., | ) | CASE NO. 1:11 CV 1951 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ARAMARK, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Vincent W. Jackson filed this action under 42 U.S.C. § 1983 against ARAMARK corporation, ARAMARK Supervisor Cheryl Doe, and the Lorain County Jail. In the Complaint, Plaintiff alleges ARAMARK is unfairly charging inmates higher prices at the Lorain County Jail commissary. He seeks class certification and monetary damages.

## Background

Plaintiff alleges ARAMARK is the inmate commissary provider at the Lorain County Jail.[1] He claims that ARAMARK indicates on its price list that all prices include taxes. Plaintiff contends this is very deceptive because the inmates do not know how much the item costs and how much tax they are paying. He claims an ARAMARK purchase form states that all items are subject to state

[1] ARAMARK is a corporation that provides food services, facilities management, and uniform and career apparel to health care institutions, universities, school districts, stadiums and arenas, correctional institutions and businesses around the world. *See* http://www.aramark.com.

sales tax, where applicable. He states, "the state has no taxes on food so how is this?" (ECF No. 1 at 4.)

Plaintiff also contends the purchase sheet for phone cards indicates that all phone cards will be taxed. He claims that the receipt after the purchase will show a zero in the space listing the tax but "you can clearly see they taxed $.0.68 on a $ 10.00 phone card and $ 1.36 on a $20.00 card. He calls this "clearly deceptive" and concludes from this that the Lorain County Jail is receiving a "kickback." He claims that this is consumer fraud. (ECF No. 1 at 5.)

Plaintiff complains that ARAMARK is selling products that are clearly marked "not for individual retail sale." (ECF No. 1 at 5.) He states they are breaking down certain items into packages and selling them for a higher profit.

Finally, Plaintiff contends that items ARAMARK makes available for on-line purchase are more expensive than the version sold in the jail. He indicates an inmate's family members can place an order for an inmate at the website http://www.icaredirect.com. He claims the food boxes sold through the website are also available at the jail's commissary but are sold at an increased price to cover shipping and handling. He believes the items ordered are packaged at the institution, and shipping and handling should not be an additional cost. Moreover, he claims that because the prices are more expensive at the website, ARAMARK is taxing food boxes in violation of Ohio law.

Plaintiff asks for class certification so he can file this on behalf of all of the inmates at the Lorain County Jail. He claims the Defendants are committing consumer fraud and stealing inmate funds. He seeks $ 2,400,000.00 in compensatory damages and $100,000.00 in attorney fees.

**Standard of Dismissal**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall,* 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Cir.1998).

## Analysis

Plaintiff states he is attempting to initiate a class action lawsuit. In order to obtain class certification, a plaintiff must first satisfy the prerequisites set forth in Federal Civil Procedure Rule 23(a). One or more members of a class may sue on behalf of all class members only if: (1) the class is too numerous for joinder of all parties; (2) there are questions of law or fact common to all; (3) the claims and defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P 23(a); *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir.2002). The party seeking class certification bears the burden of proof in this regard. *See, e.g., Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir.2005).

Here, Plaintiff failed to carry that burden. First, the existence of the class must be pleaded and the limits of the class must be defined with some specificity. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir.1989) (quoting *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir.1976)). Plaintiff makes no attempt to define the class and many of the claims are so general that they may not even apply to this Plaintiff. Moreover, *pro se* prisoners are not adequate representatives able to fairly represent a class. *See e.g., Palasty v. Hawk*, No. 00-5840, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000)); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, *1 (6th Cir. June 23, 2000)("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."); *Hammond v. O'Dea*, No. 91-5089, 1991 WL 78161, *2 (6th Cir. May 14, 1991)("[P]ro se prisoners are not adequate representatives fairly able to represent the

class."). Plaintiff has not met the prerequisites for establishing a class action lawsuit. Because he cannot assert claims on behalf of others, this case shall proceed solely on the claims he has personally asserted.

Plaintiff does provide a basis for federal court jurisdiction over this matter. He has not cited a federal statutory provision upon which to base his Complaint and none is readily apparent on the face of the Complaint. Jurisdiction does not appear to be based on a federal question.

Moreover, jurisdiction cannot be based on diversity of citizenship under 28 U.S.C. § 1332, which vests the federal district courts with jurisdiction in cases of sufficient value between "citizens of different States." *Id*. The citizenship of a natural person is his domicile. *Von Dunser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir.1990). A corporation is considered to have the citizenship of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Diversity of citizenship, however, exists only when no plaintiff and no defendant are citizens of the same state." *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999). The existence of diversity of citizenship is determined at the time of the filing of a lawsuit. *See Smith v. Sperling,* 354 U.S. 91, 93 (1957). Plaintiff indicates he is a citizen of the State of Ohio. The Defendant Lorain County Jail is also in Ohio, and Defendant Cheryl Doe is listed as a supervisor at the Lorain County Jail. A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Boladian v. UMG Recordings, Inc.*, No. 03-2148, 2005 WL 14981 at *2 (6th Cir. Jan. 3, 2005). Plaintiff has not met that burden.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[3]

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

1/6/2012

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.